**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 3:16CR111 |
| | ) | |
| SHERMAN CARL VAUGHN, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S POSITION WITH RESPECT TO SENTENCING**

Comes now the defendant, Sherman Carl Vaughn, Jr., by counsel, and submits his position with respect to sentencing. The defendant agrees that the probation officer's calculations under the United States Sentencing Guidelines are correct and that the defendant's correctly calculated advisory guideline range is 70 to 87 months. The defendant asks that the court take into consideration the arguments and position stated below and sentence the defendant within the advisory sentencing guideline range.

**PROCEDURAL BACKBROUND**

Sherman Carl Vaughn, Jr., received a target letter in July 2016. After meeting with defense counsel, and reviewing a portion of the evidence, Mr. Vaughn made himself available to the Government and participated in every way necessary.

On September 16, 2016, Mr. Vaughn pled guilty to a two-count criminal information charging him with conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349, and making an unlawful monetary transaction, in violation of 18 U.S.C. § 1957.

The defendant was temporarily held and then granted conditional release with the restriction that he remain on home incarceration.[1]

In or about 2009, Sherman Carl Vaughn, Jr., along with Merrill Robertson, Jr., founded private investment companies Cavalier Union Investments, LLC (Cavalier), and Black Bull Wealth Management, LLC (Black Bull) in Midlothian, Virginia. Vaughn and Robertson owned and operated Cavalier and Black Bull from in or about 2009 through in or about 2016.

During that time, Vaughn and Robertson solicited individuals to invest money in private investment funds that they managed, as well as distinct investment opportunities that they proposed. Robertson identified potential investors while Vaughn focused on developing investment opportunities.

Vaughn and Robertson made and caused to be made numerous material misrepresentations and omissions to investors about the use of investor funds, the assets securing investor funds, and the investment vehicle into which investor funds would be deposited.

Vaughn and Robertson led individuals to believe that they were experienced investment advisors.

As a result of this conspiracy, Vaughn and Robertson fraudulently obtained more than $9 million from over 50 investors.

## STANDARDS GOVERNING SENTENCING

The Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005) has rendered the sentencing guidelines advisory only, subject only to a reasonableness review on appeal. In *United States v. Hughes*, the Fourth Circuit discussed the impact of *Booker* on sentencing courts

---

[1] Home Incarceration. You are restricted to a 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court. Approval required at least 24 hours in advance.

in the Fourth Circuit. The Fourth Circuit specifically stated that, although sentencing courts are still "required to consult [the] Guidelines and take them into account when sentencing;'" thereby providing certainty and fairness in meeting the purposes of sentencing [while] avoiding unwarranted sentencing disparities." *Booker*, 543 U.S. at 264 (internal quotation omitted); *United States v. Biheiri*, 356 F. Supp. 2d 589, 593 (E.D. Va. 2005). Once a sentencing court has calculated the range prescribed by the sentencing guidelines after making the appropriate findings of fact, other relevant factors from the guidelines, and "factors set forth in § 3553(a)" must also be considered before the court imposes a sentence. *United States v. Hughes,* 396 F.3d 374, 377 (4th Cir. 2005).

## ARGUMENT

The defendant agrees with the guidelines calculation with a total offense level of 17 and a criminal history category of I. A guideline range of 70-87 months is correct. In sentencing defendants in federal courts, judges are to look to 18 U.S.C. § 3553(a), which provides the following:

> (a) Factors to be considered in imposing a sentence.-- The court shall impose a sentence sufficient, ***but not greater than necessary***, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed–
>
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
>   (B) to afford adequate deterrence to criminal conduct;
>
>   (C) to protect the public from further crimes of the defendant; and

>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for–
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines–
>>
>>> I) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); . . . .

(Emphasis added.) "It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Id*. (citing, *Koon v. United States*, 518 U.S. 81, 113 (1996)).

In *Rita v. United States,* 127 S. Ct. 2456 (2007), the Supreme Court stated that a district court should begin all sentencing proceedings by correctly calculating the applicable Guideline range. The district court must then consider all of the factors listed in § 3553(a) and determine if they support the sentence requested by a party. "In so doing, he may not presume that the Guidelines range is reasonable." *Gall v. United States*, 552 U.S. ____, 2 128 S. Ct. 586, 596 (citing, *Rita)*. Given the facts and circumstances in Mr. Vaughn's case, a sentence within the sentencing guideline range coupled with supervision would satisfy all of the factors set forth in 3553(a), and represent a sentence that is sufficient, but not greater than necessary to address all relevant sentencing concerns.

*Section 3553(a)(1): Nature and Circumstances of the Offense*

On September 16, 2016, Mr. Vaughn pled guilty to a two-count criminal information charging him with conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349, and making an unlawful monetary transaction, in violation of 18 U.S.C. § 1957.

There is no question that this was an egregious crime that had a severe impact on many lives. The greed and atrocious behavior displayed by the defendant is inexcusable. However, Vaughn's role can be considered somewhat more palatable then Robertson's. Vaughn was behind the scenes. He was not the well-known UVA and NFL football star using his connections. He was not meeting people eye-to-eye and lying to their face while knowing he was stealing. This is not in any way to negate his culpability, but to enlighten the court that it was not his swift tongue or glad-handing of friends and colleagues to steal their money. Vaughn also cooperated with the Government very soon after receiving his target letter, in an attempt to show some contrition.

Vaughn, unlike Robertson, lived a modest life style. Vaughn, admittedly, used the money to put his daughter through private school, to pay some of his mortgage (the home was under forbearance), and to take a vacation, (one week in Myrtle Beach). At times he did use the money to go to dinner or buy clothes, but he wasn't dinning at the Four Seasons or draped in Versace and Gucci. He did not have a fancy car (2011 Ford expedition), expensive jewelry, or caviar tastes.

While it is, unfortunately, true that there are no viable assets to forfeit to the Government in an attempt to make the victims whole, since July, Vaughn has repeatedly asked in what businesses he could participate in an attempt to generate income, which would be used to repay his debt.

*Section 3553(a)(1): Offender Characteristics*

A sentence within the correctly calculated guidelines range is appropriate in light of defendant's history and characteristics. Sherman Carl Vaughn, Jr. (Carl) is a 46-year-old, well educated, church going, soft spoken, hard-working family man.  It is the same combination of these characteristics that makes one wonder how or why he could do such a thing. However, it is the combination of them that also provided the structure for his empathy, contrition, regrowth, and want to repair his wrongs. His lack of a prior record, his supportive family nature, and his education all would suggest that this was a singular event.

*Section 3553(a)(2): The Need for the Sentence Imposed*

Section 3553(a)(2) requires a sentencing court to impose a sentence that reflects the seriousness of the offense, promotes respect for the law, and provides just punishment. In addition, the sentence should adequately deter future criminal conduct, and reflect the need to protect the public from future crimes by this defendant.  Prior to this offense, Mr. Vaughn had not had any contact with the law, other than a speeding charge in 1999, and has never been incarcerated before.  Mr. Vaughn has never spent any length of time away from his family.  He is remorseful of his actions.  But equally as important, he is embarrassed by the example he has set for his daughter, and the shame he has brought to his family legacy.  These ramifications, along with his extremely limited criminal history, would indicate that he is not likely to ever engage in any further behavior that might bring him before this or any other court in the future.

*Section 3553(a)(3) and (a)(4): The Kinds of Sentences Available and the Sentencing Range*

As this Court is aware,

> [t]he Court, in determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of correction and rehabilitation. 18 U.S.C. § 3582(a).

Mr. Vaughn is requesting that the Court consider a sentence within the guideline range. Mr. Vaughn has made it quite clear that he has no intent of ever returning to jail.

## **CONCLUSION**

For all of the reasons stated above, Mr. Vaughn is requesting the Court sentence him to a period of confinement within the sentencing guideline range.

SHERMAN CARL VAUGHN, JR.

_____/s/_____
John A. March
Virginia Bar Number 42338
Attorney for Sherman Carl Vaughn, Jr.
530 E. Main Street, Suite 300
Richmond, VA 23219
Tel: 804-788-4412
Fax: 804-649-8547
cawright2692@gmail.com

7

**CERTIFICATE**

I hereby certify that on the 14th day of December, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Katherine Lee Martin
Attorney for United States
Assistant U.S. Attorney
U.S. Attorney's Office
600 E. Main Street, Suite 1800
Richmond, VA 23219
katherine.martin@usdoj.gov


_____/s/_____
John A. March
Virginia Bar Number 42338
Attorney for Sherman Carl Vaughn, Jr.
530 E. Main Street, Suite 300
Richmond, VA 23219
Tel: 804-788-4412
Fax: 804-649-8547
cawright2692@gmail.com